UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CIV-80522-MARRA/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, CONGRESS 1010, LLC, S&J PROPERTY HOLDINGS, LLC, DAVID M. GOLDSTEIN, P.A., DAVID M. GOLDSTEIN, and BARRY G. RODERMAN,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

As explained further in the attached Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend Complaint, Plaintiff respectfully submits that justice requires that Plaintiff be granted leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and in accordance with the Schedule set for by this Court for amendments to the Complaint (ECF 21). Plaintiff's proposed Second Amended Complaint is attached to this Motion as **Exhibit "A"**.

Respectfully Submitted on July 6, 2017.

                            BELTRANO & ASSOCIATES

                            /s/ Aldo Beltrano
                            Aldo Beltrano, Esq.
                            FBN 139300
                            4495 Military Trail, Ste 107
                            Jupiter, FL 33458
                            Tel: (561) 799-6577
                            Fax: (561) 799-6241
                            service@beltranolaw.com

                            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Courts and served to counsel of record via the CM/ECF system on the 6th day of July, 2017.

/s/ Aldo Beltrano
Aldo Beltrano, Esq.
FBN 139300
aldo@beltranolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CIV-80522-MARRA/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, CONGRESS 1010, LLC, S&J PROPERTY HOLDINGS, LLC, DAVID M. GOLDSTEIN, P.A., DAVID M. GOLDSTEIN, and BARRY G. RODERMAN,

    Defendants.
_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Dietmar Dude moves this Court for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).

Plaintiff instituted this action on September 28, 2017 in the Circuit Court of Palm Beach County by filing a complaint alleging a single breach of contract claim against Congress Plaza, LLC and Congress 1010, LLC. Defendants filed a Motion to Dismiss on October 10, 2017. While responding to Defendants' Motion to Dismiss, Plaintiff became aware of additional facts which necessitated the addition of several other parties and causes of action. Defendants had yet to file a responsive pleading, and Plaintiff filed his First Amended Complaint on November 29, 2017. A court order was not required pursuant to FLA. R. CIV. P. 1.190(a).

In his First Amended Complaint, Plaintiff joined the Internal Revenue Service ("IRS") as a defendant in the action. As an agency of the federal government, the IRS removed this case to

the U.S. District Court for the Southern District of Florida pursuant to 28 U.S. § 1446(a) on April 25, 2017.

While this case was pending in state court, Plaintiff served defendants Fennario Investments, LLC ("Fennario") and S&J Property Holdings, LLC ("S&J") with requests to produce documents. Despite removal, both Fennario and S&J responded to Plaintiff's requests and each turned over several hundred pages of documents which contained previously unknown and highly relevant information.

In light of additional newly discovered facts, Plaintiff seeks to further amend the Complaint to include additional of parties and causes of action, and believes that such amendment is necessary to ensure that this case is wholly litigated.

## ARGUMENT

A party may amend a pleading at any time before trial with consent from opposing counsel or with leave from the Court; the court, moreover, "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In particular, "timely motions for leave to amend are held to a very liberal standard, and leave to amend should be freely given when justice so requires." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1318 (M.D. Fla., 2010). The U.S. Supreme Court held that the Rule's mandate to "freely give leave" is "to be heeded " and that leave should be granted "in the absence of any apparent or declared reason." *Forman v. Davis*, 71 U.S. 178, 182 (1962).

Plaintiff's Motion for Leave to Amend Complaint ("Motion") is made well in advance of the July 21, 2017 deadline to amend complaints and join additional parties imposed by the Scheduling Order (ECF 21) and is thus timely. *See Smith*, 728 F. Supp. 2d at 1318.

The Motion is made on the basis of newly obtained information. Between May 17 and June 5, 2017, undersigned counsel received more than a thousand pages of documents in response to requests to produce from Fennario and S&J filed in the state court proceeding. Plaintiff's motion comes on the heels of the undersigned's review, analysis, and application of the substantial amount of new and highly relevant information gleaned from those documents to the present case.

Defendants presently in this case would not be prejudiced by Plaintiff's amendment as they have not yet conducted discovery in this case; removal by the IRS appears to have hit something of a "reset" button in this case and little has crossed over from the extensive state court proceedings. Undersigned counsel, moreover, has on numerous occasions advised that Plaintiff will likely file an amended complaint. Thomas R. Farese, whom the amendment would join as an additional defendant, has informed the undersigned counsel several times that he would waive service of process of an amended complaint if named as a defendant in accordance with FED. R. CIV. P. 4(d).

The amendment incorporates new information recently discovered by Plaintiff as a result of the documents produced by Fennario and S&J. As this information lends credence to Plaintiff's existing counts and supports theories of additional causes of action, the amendment should not be considered futile.

Inclusion of Thomas R. Farese and Suzanne Farese as additional defendants, further, is permissible under Fed. R. Civ. P. 20(a)(2) if Plaintiff can show that "all claims against parties joined as defendants . . . regard or arise out of 'the same transaction or occurrence, or series of transactions or occurrences" and that "there is some question of law or fact common to all defendants that will arise in the action." *Smith*, 728 F. Supp. 2d at 1318 (*Alexander v. Fulton*

*County, GA.*, 207 F.3d 1301, 1322 (11th Cir. 2000)). Courts should "employ a liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy." *Alexander v. Fulton County, GA.*, 207 F.3d 1301, 1322 (11th Cir. 2000) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)), *overruled on other grounds*.

For the "same transaction or occurrence" analysis, the 11th Circuit turns to Rule 13 for guidance and follows its predecessor's adoption of the "logical relationship" test, which asks whether "the same operative facts serve as the basis of both claims." *Smith* at 1319; *Alexander* at 1323; and *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F. 2d 1453, 1455 (11th Cir. 1985).

Thomas R. Farese and Suzanne Farese are managers of and hold membership interests in Congress Plaza, LLC, already a defendant in this action, and are on notice of the lawsuit. Plaintiff's complaint arises from Congress Plaza's unfulfilled obligation to pay a debt pursuant to an agreement--a debt secured by an unrecorded mortgage. Plaintiff alleges that, over the years, Congress Plaza and all other defendants have taken actions which resulted in Plaintiff's loss of priority of and diminished ability to enforce his mortgage. As the Amendment alleges, both Thomas R. Farese and Suzanne Farese were personally involved in one or more of the several transactions described in the current complaint.

As to the second prong of the *Alexander* analysis, whether a question of fact or law common to all defendants will arise in the course of the case, Rule 20 requires "only that *some* question of law or fact be common to all parties." *Alexander* at 1324, citing *Mosley v. General Motors Corp.*, 497 F. 2d 1330, 1334 (8th Cir. 1974). All defendants, present and proposed, are bound by their interest, at one time or another, in the property encumbered by Plaintiff's mortgage or by their involvement in its transfer or encumbrance.

Respectfully Submitted on July 6, 2017.

BELTRANO & ASSOCIATES

/s/ Aldo Beltrano
Aldo Beltrano, Esq.
FBN 139300
4495 Military Trail, Ste 107
Jupiter, FL 33458
Tel: (561) 799-6577
Fax: (561) 799-6241
service@beltranolaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Courts and served to counsel of record via the CM/ECF system on the 6th day of July, 2017.

/s/ Aldo Beltrano
Aldo Beltrano, Esq.
FBN 139300
aldo@beltranolaw.com
