UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80522-Civ-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, a Florida
Limited Liability Company, CONGRESS 1010
LLC, a Florida Limited Liability Company,
et al.,

    Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT, S & J PROPERTY HOLDINGS' MOTION TO DISCHARGE LIS PENDENS OR, IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO POST A BOND [DE 77]

**THIS CAUSE** is before the Court upon Defendant, S & J Property Holdings' ("Defendant") Motion to Discharge Lis Pendens or, in the Alternative, Require Plaintiff to Post a Bond ("Motion") [DE 77]. Plaintiff, Dietmar Dude ("Plaintiff"), filed a Response [DE 90], and Defendant filed a Reply [DE 100]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra for appropriate disposition. *See* DE 82. The undersigned held an evidentiary hearing on December 12, 2017. This matter is now ripe for review.

### Background

Defendant is moving under section 48.23, Florida Statutes, and Local Rule 7.1 to discharge the Notice of Lis Pendens ("Lis Pendens") filed and recorded by Plaintiff. [DE 77]. In the alternative, Defendant is moving to require Plaintiff to post a bond in an amount in excess

of $1.6 million in support of the Lis Pendens. *Id.* Plaintiff, on the other hand, requests that the Lis Pendens be extended through trial. [DE 90]. Plaintiff also argues that the law requires a bond be considered, but does not require that a bond actually be imposed. *Id.*

### Evidentiary Hearing

The undersigned held an evidentiary hearing on December 12, 2017. Defendant called Lawrence W. Smith, Esq., as its sole witness to establish the amount of the bond that Plaintiff should be required to post. Mr. Smith, an attorney with Gary, Dytrych & Ryan, P.A., testified that he represented Defendant in May and June of 2016, prior to Plaintiff's filing of the Lis Pendens, with regard to a financial transaction. Mr. Smith was instructed to use two properties—the first of which is the three parcels that Defendant purchased from Congress Plaza in October 2012 and the second of which is a property unrelated to this case and owned by an entity other than Defendant—to secure a single loan on behalf of Defendant's owner, John Staluppi. The deal was for a total loan of $6.095 million.

Mr. Smith further testified that, in February 2016, he received handwritten correspondence from Dietmar Dude asserting a claim on the three parcels purchased from Congress Plaza. Mr. Dude did not mention any unrecorded mortgage. Mr. Smith received a second letter from Mr. Dude's attorney also asserting a claim to the three parcels purchased from Congress Plaza on Mr. Dude's behalf, but similarly with no mention of any unrecorded mortgage. Thereafter, a different attorney retained by Defendant filed a claim with the title insurance policy based on the claim asserted in the two letters. Because of the Dietmar Dude claim and the title policy insurance claim, Mr. Smith excluded the property purchased from Congress Plaza from the financing deal. The total loan secured by Mr. Smith on behalf of

Defendant's owner using the unrelated property as security was $4.735 million.

Mr. Smith further testified that he believed that Mr. Dude's and Mr. Kaufman's letters pertained to a January 2010 mortgage on the three parcels because that was the last recorded document regarding the property. He explained that now that he understands that Mr. Dude and Mr. Kaufman were referring to a claim involving an unrecorded mortgage, he believes that he could currently finance the property for $1.36 million ($6.095 million less $4.735 million) but for existence of the Lis Pendens. The essence of Mr. Smith's testimony was that, even though the three parcels of property purchased from Congress Plaza were previously excluded from being used as security for the loan solely due to the Dietmar Dude claim and title insurance policy claim made on the property, which preceded the filing of the Lis Pendens in this case, he now believes that the pre-Lis Pendens claims would no longer preclude the use of the three parcels as security for a loan. However, according to Mr. Smith, the Lis Pendens does preclude use of the three parcels as security for a loan.

Defendant additionally introduced five exhibits, and Plaintiff introduced one exhibit. *See* DE 127. The Court has carefully reviewed all of the exhibits.

Finally, at the hearing, Plaintiff and Defendant stipulated that the amount of attorney's fees at issue with regard to the bond is between $150,000 and $250,000.

### Analysis

The Court has carefully reviewed the evidence, testimony, argument of counsel, and the entire docket in this case. The Court addresses each relevant issue below.

a. Fair Nexus

First, since Defendant conceded at the December 12, 2017 hearing that there is a fair

nexus between the apparent ownership of the property and the dispute embodied in the lawsuit, Defendant thereby abandoned its argument that the Lis Pendens should be discharged. Moreover, the Court has independently reviewed the facts of this case and finds that a fair nexus between the apparent ownership of the property and the dispute embodied in the lawsuit does exist.

    b. <u>Good Cause for Extension of the Lis Pendens</u>

Second, since the Lis Pendens expired in September 2017, pursuant to section 48.23(2), Florida Statutes, the Court must make a finding of good cause for extending the Lis Pendens. Given the factual allegations and the causes of action asserted in the Second Amended Complaint, the Court finds that there is good cause for extending the Lis Pendens in order to protect Plaintiff's interest from being impaired or extinguished. *J.B.J. Inv. of S. Florida, Inc. v. Maslanka*, 163 So. 3d 726, 729 (Fla. 5th DCA 2015). Further, Defendant did not make any argument or present any evidence at the December 12, 2017 hearing in opposition to Plaintiff's argument that there is good cause to extend the Lis Pendens.

    c. <u>Whether a Bond Should be Requested to be Posted in Favor of Defendant S & J, and, if so, the Amount of the Bond</u>

The only remaining disputed issue, therefore, is whether the Court should impose a bond, and, if the Court does so, the amount of the bond. "The property-holder defendant's right to a bond should be conditioned upon a demonstration of the potential loss or damage the defendant will likely incur if the notice of lis pendens is unjustified." *Med. Facilities Dev., Inc. v. Little Arch Creek Properties, Inc.*, 675 So. 2d 915, 918 (Fla. 1996). "These damages can materialize in a variety of ways including monetary harm, which the property-holder defendant showed in the case at bar, or nonmonetary harm." *Id.* The amount of the lis pendens bond "must bear a

reasonable relationship to the amount of damages which the property holder demonstrates will likely result if it is later determined that the notice of lis pendens is unjustified." *Licea v. Anllo*, 691 So. 2d 29, 30 (Fla. 3d DCA 1997). The property holder has the burden of showing that "(1) that the notice of lis pendens, if unjustified, will likely result in loss or damage, and (2) the amount of damages which will likely result." *Id.* Moreover, section 48.23 of the Florida Statutes "permits a recovery of the attorney's fees incurred in obtaining a discharge of a lis pendens." *S & T Builders v. Globe Properties, Inc.*, 944 So. 2d 302, 305 (Fla. 2006) (citing § 48.23(3), Fla. Stat. (2005)). The requirement for the bond should be treated in the same manner as a bond for a temporary injunction would be treated. *Weiss*, 227 So. 3d at 691 (citing Section 48.23(3), Fla. Stat. (2017)).

The Court finds that Defendant has established that Plaintiff's Lis Pendens, if unjustified, will likely result in loss or damage. Based upon all of the facts presented to the Court, the Court finds that a bond should be imposed in this case in favor of Defendant S & J. The Court must, therefore, determine the reasonable amount of the bond that should be set in this case. With regard to the amount of the bond, the $1.36 million figure proposed by Defendant as the amount of damages that Defendant will suffer if Defendant cannot use the property at issue to secure a loan is too speculative.

First, Mr. Smith testified during Plaintiff's counsel's cross-examination that the pre-Lis Pendens claim on the title insurance policy still stands. Defendant's counsel later argued that the claim on the title insurance policy would not affect the financing of the property at issue, but the Court is somewhat skeptical of this argument. Title insurers are conservative and risk-averse entities, and the Court believes that the prior pre-Lis Pendens Dietmar Dude claim

and title insurance policy claim could reasonably be expected to affect the financing value of the property. Therefore, the Court finds that it would be reasonable to reduce the bond amount based on the outstanding title insurance policy claim and clam previously asserted by Dietmar Dude and his counsel.

Second, and more importantly, the original deal attested to by Mr. Smith involved two different properties, and the negotiations took place over a year ago. It is possible, even likely, that Defendant could not obtain a loan for exactly $1.36 million on the parcel at issue given the change in circumstances and the passage of time. The value of the property argued by Defendant is not based on a recent appraisal of the actual property at issue or any other concrete evidence.

The Court has also considered the parties' stipulation regarding attorney's fees. Using its broad discretion, the Court finds that the amount of damages that bear a reasonable relationship to the amount of damages which will likely result if it is later determined that the Lis Pendens is unjustified is $800,000. This amount includes $600,000 for the property itself and $200,000 for attorney's fees. Therefore, the Court will require Plaintiff to post a bond in the amount of $800,000. This bond amount will sufficiently protect Defendant from any potential loss or damage Defendant will likely incur if the Lis Pendens is unjustified.

In light of the foregoing, the Court **ORDERS** and **ADJUDGES** as follows:

1. Defendant's Motion to Discharge Lis Pendens or, in the Alternative, Require Plaintiff to Post a Bond [DE 77] is **GRANTED IN PART AND DENIED IN PART**. The Motion is denied to the extent that the Court will not discharge the Lis Pendens. The Motion is granted to the extent that the Court will require Plaintiff to post a bond to maintain the

Lis Pendens.

2. On or before January 18, 2018, Plaintiff shall post a bond in the amount of $800,000 and shall file proof of compliance in this case. If that bond is posted in a timely manner, the Lis Pendens shall be extended through the conclusion of trial and judgment in this case.

3. If Plaintiff fails to timely post the bond and file proof of compliance, the Court will order the Lis Pendens dissolved.

**DONE AND ORDERED** in Chambers this 18th day of December, 2017 at West Palm Beach in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE