UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80522-Civ-Marra/Matthewman

DIETMAR DUDE,

     Plaintiff,

vs.

CONGRESS PLAZA, LLC, a Florida
Limited Liability Company, CONGRESS 1010
LLC, a Florida Limited Liability Company,
et al.,

     Defendants.

_____/



FILED by _____ D.C.

DEC 1 9 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANTS, CONGRESS PLAZA, LLC, AND CONGRESS 1010, LLC'S MOTION TO SET BOND [DE 83]

**THIS CAUSE** is before the Court upon Defendants, Congress Plaza, LLC, and Congress 1010, LLC's ("Defendants") Motion to Set Bond ("Motion") [DE 83]. Plaintiff, Dietmar Dude ("Plaintiff"), filed a Response [DE 93], and Defendants filed a Reply [DE 104]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra for appropriate disposition. *See* DE 82. The undersigned held an evidentiary hearing on December 12, 2017. This matter is now ripe for review.

### Background

In their Motion, Defendants request that the Court impose a bond under section 48.23, Florida Statutes, due to Plaintiff's filing a Lis Pendens on certain real property in conjunction with this lawsuit. [DE 83]. They contend that the Lis Pendens places the mortgage on their three parcels at issue at risk and that the Lis Pendens presents them from modifying the mortgage

or refinancing with another lender. *Id.* Plaintiff, in response, requests that the Lis Pendens be extended through trial. [DE 83]. Plaintiff also argues that the law requires a bond be considered, but does not require that a bond actually be imposed. *Id.* He contends that Congress Plaza has actually profited from the fact that a mortgage encumbering the subject property and securing payment of the settlement agreement by Congress Plaza was never recorded. *Id.*

## Evidentiary Hearing

The undersigned held an evidentiary hearing on December 12, 2017. At the hearing, Defendants adopted, *ore tenus*, Defendant, S & J Property Holdings, LLC's Motion to Discharge Lis Pendens or, in the Alternative, Require Plaintiff to Post a Bond [DE 77]. Defendants also belatedly moved for a continuance during the hearing based on the fact that Thomas Farese, Defendants' main witness, was not available to testify because Mr. Farese had chosen to attend a family gathering rather than attend this hearing, which had been scheduled since November 6, 2017 [DE 114]. The Court found that there was no good cause for a continuance, and, further, that Defendants should have filed a motion in advance. Therefore, the continuance was denied.

Defendants did not call any live witnesses. Defendants and Plaintiff stipulated that the three parcels at issue—with tax ID numbers ending in 0090, 0150, and 0160—are worth $1.2 million for the purposes of the evidentiary hearing.

## Analysis

The Court has carefully reviewed the parties' stipulation as to the value of the parcels at issue, the argument of counsel, and the entire docket in this case. The Court addresses each relevant issue below.

a. Good Cause for Extension of the Lis Pendens

First, since the Lis Pendens expired in September 2017, pursuant to section 48.23(2), Florida Statutes, the Court must make a finding of good cause for extending the Lis Pendens. Given the factual allegations and the causes of action asserted in the Second Amended Complaint, the Court finds that there is good cause for extending the Lis Pendens in order to protect Plaintiff's interest from being impaired or extinguished. *J.B.J. Inv. of S. Florida, Inc. v. Maslanka*, 163 So. 3d 726, 729 (Fla. 5th DCA 2015). Further, Defendants did not make any argument or present any evidence at the December 12, 2017 hearing in opposition to Plaintiff's argument that there is good cause to extend the Lis Pendens.

b. Whether a Bond Should be Required to be Posted by Plaintiff in Favor of Defendants as to Their Three Parcels, and, if so, the Amount of the Bond

The only remaining disputed issue, therefore, is whether the Court should impose a bond, and, if the Court does so, the amount of the bond. "The property-holder defendant's right to a bond should be conditioned upon a demonstration of the potential loss or damage the defendant will likely incur if the notice of lis pendens is unjustified." *Med. Facilities Dev., Inc. v. Little Arch Creek Properties, Inc.*, 675 So. 2d 915, 918 (Fla. 1996). "These damages can materialize in a variety of ways including monetary harm, which the property-holder defendant showed in the case at bar, or nonmonetary harm." *Id.* The amount of the lis pendens bond "must bear a reasonable relationship to the amount of damages which the property holder demonstrates will likely result if it is later determined that the notice of lis pendens is unjustified." *Licea v. Anllo*, 691 So. 2d 29, 30 (Fla. 3d DCA 1997). The property holder has the burden of showing that "(1) that the notice of lis pendens, if unjustified, will likely result in loss or damage, and (2) the amount of damages which will likely result." *Id.* The requirement for the bond should be

3

treated in the same manner as a bond for a temporary injunction would be treated. *Weiss*, 227 So. 3d at 691 (citing Section 48.23(3), Fla. Stat. (2017)).

Defendants have not established that Plaintiff's Lis Pendens, if unjustified, will likely result in loss or damage. Defendants assert in their Motion that, on May 19, 2013, Congress Plaza entered into another mortgage with Fennario Investments, LLC, that was secured by the remaining parcels of the Subject Property following the transaction and sale of three parcels to Defendant S & J Property Holdings, LLC. [DE 83]. They contend that the Lis Pendens places the Fennario mortgage at risk and that the Lis Pendens presents them from modifying the Fennario mortgage or refinancing the property with another lender. *Id.* However, there was no evidence presented at the hearing that Fennario has any plans to declare the mortgage loan in default. Similarly, Defendants presented no evidence as to the alleged damages Defendants will suffer if they are not able to refinance their loan. Defendants' alleged loss or damage caused by the Lis Pendens is purely speculative and not based on sufficient factual evidence.

Even if Defendants had more clearly demonstrated that Plaintiff's Lis Pendens, if unjustified, will likely result in loss or damage, they also did not establish the potential loss or damage they will likely incur if the Lis Pendens is unjustified. The parties have simply stipulated that $1.2 million is the value of the property. The Court notes that the Mortgage Deed and Security Agreement attached to the Motion [DE 83-2], which was entered into by Congress Plaza, LLC, and Fennario Investments, LLC, on May 19, 2014, is only in the amount of $500,000. It does not follow that Plaintiff's Lis Pendens, if unjustified, would result in loss or damage in the amount of $1.2 million if the mortgage was only in the amount of $500,000. Furthermore, the mortgage was entered into on May 19, 2014, so some percentage of it has likely

already been paid off.

Additionally, the Court notes that Plaintiff alleges in the Second Amended Complaint that Defendants still owe Plaintiff $2,239,458.00 toward the Congress Management note on the three parcels at issue. [Second Am. Compl., DE 65 at ¶62]. It would be unjust for the Court to require Plaintiff to post a bond when Defendants allegedly owe Plaintiff more than the $1.2 million that the parties stipulated to at the hearing as the value of the three properties.

Using its broad discretion, and for all of the above reasons, the Court will extend the Lis Pendens, but will not require Plaintiff to post a bond in response to Defendants' Motion. This finding does not alter or modify the Court's December 18, 2017 Order [DE 134], which requires Plaintiff to post a bond in favor of Defendant S & J Property Holdings, LLC.[1]

In light of the foregoing, the Court **ORDERS** and **ADJUDGES** as follows:

1. Defendants, Congress Plaza, LLC, and Congress 1010, LLC's Motion to Set Bond [DE 83] is DENIED.

2. Plaintiff's Lis Pendens shall be extended through the conclusion of trial and judgment in this case.

**DONE AND ORDERED** in Chambers this _19_ day of December, 2017 at West Palm Beach in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court previously entered its December 18, 2017 Order [DE 134] regarding S & J's three parcels, which have tax identification numbers ending in 0190, 0200, and 0350. The parcels that are the subject of this Order and are owned by Congress Plaza have tax identification numbers ending in 0090, 0150, and 0160.