UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80522-CIV-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DE 198] AND REQUIRING PLAINTIFF TO PERSONALLY APPEAR FOR HIS DEPOSITION IN THIS DISTRICT ON JUNE 5, 2018

**THIS CAUSE** is before the Court upon Plaintiff, Dietmar Dude's ("Plaintiff") Motion for Reconsideration ("Motion") [DE 198]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 21. Defendants, Congress Plaza LLC, Congress 1010 LLC, David Goldstein P.A., David M. Goldstein, Barry Roderman and Suzanne Farese, filed a Response [DEs 201, 202], and Defendant S&J Property Holdings, LLC, filed a separate Response [DE 200]. The Court held an expedited hearing on the Motion on May 17, 2018. The Motion is now ripe for review.

### BACKGROUND

On February 6, 2018, Plaintiff filed a Motion to Reschedule Deposition and for Protective Order [DE 145]. On February 12, 2018, the parties filed a Notice stating that they had agreed to the date of June 5, 2018 at 10:00 a.m., for Plaintiff's deposition. *See* DE 153. After conducting a hearing on the remaining issues in the motion on February 15, 2018, the Court issued an Order

1

Denying in Part Plaintiff's Motion to Reschedule Deposition and for Protective Order [DE 158]. The Court discussed the relevant case law and employed the requisite balancing test. [DE 158 at pp. 2-3]. The Court then denied the motion to extent that Plaintiff sought to appear at his deposition remotely from Germany. *Id.* at p. 4. The Order specifically required that Plaintiff attend his deposition in person in this District, and specifically in Palm Beach County, on June 5, 2018. *Id.* Plaintiff now moves this Court to reconsider its prior Order.

## ANALYSIS

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.,* 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting *Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.*

Plaintiff is moving for reconsideration on the basis of the availability of new evidence. This newly asserted evidence consists of a memorandum dated October 14, 2009 [DE 198-1] and a doctor's note dated April 9, 2018 [DE 198-3]. Plaintiff's counsel argued at the May 17, 2018 hearing that the 2009 memorandum establishes that Plaintiff was just an investor, that he has no real knowledge of the facts of this case, and that his brother Harald Dude is the person with personal knowledge. The Court finds that the 2009 memorandum is not particularly relevant and that it does not affect the Court's prior analysis. Plaintiff voluntarily brought the lawsuit in this

2

district, Plaintiff does business in this district, Plaintiff is seeking to foreclose on several parcels of land located in this district, Plaintiff is personally suing two members of the Florida Bar for fraud, deceit, and conspiracy. Plaintiff has filed this lawsuit in his personal capacity. The Court finds it incredulous that Plaintiff would assert such causes of action when he now asserts he has no knowledge of the facts of this case. Further, Plaintiff is seeking approximately $1.3 million in damages, the cost of traveling from Germany to South Florida is not burdensome relative to the size of Plaintiff's claim, and Defendants would be unfairly prejudiced under the unique facts of this case if they were unable to test the credibility and the substantive responses of Plaintiff at his in-person deposition in this District.

The Court similarly finds that the doctor's note does not affect its prior analysis. First, the Court notes that Plaintiff waited approximately 11 weeks after the Order Denying in Part Plaintiff's Motion to Reschedule Deposition and for Protective Order [DE 158] was entered and approximately 30 days after he received the doctor's note to file the Motion for Reconsideration. This is dilatory.

Second, the Court finds that the doctor's note is insufficient. Plaintiff is not hospitalized. Plaintiff has no upcoming hospitalizations or surgeries. Plaintiff's medical issue is entirely speculative and uncorroborated. "[A] party seeking to prevent or delay a deposition on medical grounds must make a 'specific and documented factual showing that the deposition will be dangerous to the deponent's health.'" *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012) (quoting *Schorr v. Briarwood Estates Ltd. P'ship,* 178 F.R.D. 488, 491 (N.D.Ohio 1998)). "As such, conclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient." *Id.* "Due to the high burden

3

parties must meet in substantiating alleged 'extraordinary circumstances,' courts will rarely grant a protective order that completely prohibits a deposition." *Campos,* 288 F.R.D. at 137.

Here, the note is extremely vague and conclusory, is not accompanied by an affidavit or declaration, and did not attach any actual medical records. Additionally, the note does not suggest that Plaintiff has been hospitalized or has any impending surgeries. Thus, Plaintiff has failed to show exceptional circumstances sufficient to warrant the issuance of a protective order shielding him from attending his deposition in this District. *See Arnold v. Wausau Underwriters Ins. Co.*, No. 13-60299-CIV, 2013 WL 5488520, at *3 (S.D. Fla. Sept. 30, 2013) (finding that, because the statements in the doctor's correspondence were vague, conclusory, and non-specific, they were insufficient to support the award of a protective order).

Plaintiff has filed suit in this District and has lodged serious allegations against numerous defendants, as is his right. However, Plaintiff cannot evade his in-person deposition in this District. Defendants desire to completely and fairly test Plaintiff's allegations and credibility, as is their right. Plaintiff brought his suit here, and the facts of the case dictate that Plaintiff shall be personally deposed in this District—on June 5, 2018, as previously ordered.

Based on the foregoing, and as stated in open court, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration [DE 198] is **DENIED**.
2. Plaintiff's deposition shall take place on June 5, 2018 at 10:00 a.m., in Palm Beach County, Florida. Plaintiff is ordered to attend that deposition in person in this District, and specifically in Palm Beach County.
3. Any and all documents responsive to the subpoena *duces tecum* shall be produced at the deposition unless proper, timely, and good faith objections are appropriately lodged.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18 day of May, 2018.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge