UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80522-CIV-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, et al.,

    Defendants.

_____/



## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION [DE 219] AND GRANTING IN PART DEFENDANTS' MOTIONS FOR SANCTIONS [DE 213, 223]

**THIS CAUSE** is before the Court upon Defendants, Congress Plaza, LLC, and Congress 1010, LLC's ("Defendants") Motion for Sanctions [DE 213], Plaintiff, Dietmar Dude's ("Plaintiff") Renewed Motion for Reconsideration [DE 219], and Defendants' Second Motion for Sanctions [DE 223]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DEs 21, 225.

### I.    BACKGROUND

A. <u>Plaintiff's Deposition</u>

Plaintiff filed a Complaint in state court on December 16, 2016. *See* DE 1-1. The case was removed to this federal court, where it remains pending, on April 25, 2017. [DE 1]. The Court has held numerous lengthy hearings and ruled on numerous motions in this unnecessarily acrimonious, contentious litigation. As is their right, Defendants have sought repeatedly to take the deposition of Plaintiff. Depositions are routinely scheduled and taken by professional

1

counsel in civil actions without the necessity of court intervention. That is how the Rules are supposed to work—the parties and their counsel are supposed to cooperate with one another in scheduling depositions and obtaining discovery. That has not been the situation in this case. By way of background, the parties in this case have an extensive litigation history in both state and federal courts going back well over ten years. According to Defendants, they have been trying to take Plaintiff's deposition for years in various litigation matters, all to no avail. *See* DE 234, p. 2.

As it relates to this federal case, on January 31, 2018, Defendants served a notice of taking deposition of Plaintiff for February 20, 2018, in Fort Lauderdale, Florida. [DE 145, p. 8]. Plaintiff filed a Motion to Reschedule Deposition and for Protective Order on February 6, 2018, seeking to reschedule the deposition and seeking permission to take the deposition by remote means so that Defendant did not have to come to this district to sit for his deposition. *Id.* at p. 2. The Court ordered expedited briefing [DE 148], and then set the motion for hearing on February 15, 2018, five days before the scheduled deposition. *See* DE 152. After a full hearing on February 15, 2018, the Court entered an Order which set the deposition of Plaintiff for June 5, 2018—a date agreed to by the parties. [DE 158]. The Court also ordered that Plaintiff must appear personally in this district for his deposition on June 5, 2018. *Id.*

Approximately 11 weeks after the Court's Order requiring Plaintiff to appear in this district, Plaintiff filed a Motion for Reconsideration on May 10, 2018 [DE 198]. Again, Plaintiff requested that he not be required to appear personally for a deposition in this district. *Id.* Due to the last minute filing of the motion, the Court again had to expedite briefing on the motion and set yet another hearing for May 17, 2018. [DE 199]. After a full hearing on May

17, 2018, the Court entered a written Order on May 18, 2018, which denied Plaintiff's Motion for Reconsideration and once again ordered Plaintiff to attend his deposition in this district on June 5, 2018. [DE 210].

On June 4, 2018, the day before the scheduled deposition, Plaintiff filed an Emergency Renewed Motion for Reconsideration and to Postpone Deposition seeking an order from this Court postponing the deposition of Plaintiff until his doctor cleared him to travel, or, in the alternative, allowing deposition by remote means. [DE 219]. The Court entered an Order on June 4, 2018, finding that the motion was not a true emergency motion, temporarily cancelling and abating the deposition scheduled for June 5, 2018, and setting a briefing schedule. [DE 220]. On June 7, 2018, Defendants filed a Second Motion for Sanctions regarding Plaintiff's deposition. *See* DE 223. Plaintiff filed a response [DE 224] on June 14, 2018. On June 20, 2018, the Court set an evidentiary hearing on Plaintiff's Renewed Motion for Reconsideration and to Postpone Deposition and on Defendants' Second Motion for Sanctions. [DE 227].

B. The Mediation

There have also been issues in this case revolving around the mediation. On April 10, 2018, United States District Judge Kenneth A. Marra entered an Order referring this case to mandatory mediation. [DE 189]. In that Order, Judge Marra stated that the "litigiousness of this matter has not gone unnoticed by the Court." *Id.* at p. 2. Judge Marra also ordered all parties to be physically present at the mediation, unless excused by the Court. *Id.* at p. 3.

On April 17, 2018, a notice [DE 193] was filed setting the mediation before retired Judge Herb Stettin on May 23, 2018 at 10 a.m. Plaintiff was never excused by this Court from being physically present at the mediation. In fact, on May 10, 2018, approximately three weeks after

the notice setting the mediation was filed, and less than two weeks before the scheduled mediation, Plaintiff filed a Motion to Excuse Personal Appearance at Mediation [DE 197]. The primary ground for Plaintiff's request to be excused from mediation was that Plaintiff "has little knowledge of the facts of this case or the circumstances that give rise to it." *Id.* at p. 2. The secondary ground for the motion was that Plaintiff's niece, a non-party, would be present at the mediation, and Plaintiff's brother would be present, so Plaintiff's presence was not necessary. *Id.* The third ground was that Plaintiff's cardiologist had advised that significant travel "may trigger the potentially life threatening cardiac arrhythmias he documented in the past." *Id.* The Court expedited the last-minute motion and set it for hearing on May 17, 2018. [DE 206].

After hearing from counsel for all parties, and in light of the dubious factual and legal support for Plaintiff's request to be excused from mediation, the Court entered a written Order on May 18, 2018, denying the motion. [DE 211]. In that Order, the Court specifically stated that Plaintiff was required to personally appear at the May 23, 2018 mediation. *Id.* at p. 3. The mediation was held on May 23, 2018. Plaintiff did not attend the mediation.

On May 24, 2018, Defendants filed a Motion for Sanctions due to Plaintiff's non-appearance at the mediation [DE 213]. Plaintiff filed a response to the motion on June 4, 2018. [DE 218]. An evidentiary hearing was scheduled for July 3, 2018. *See* DE 227.

## II. EVIDENTIARY HEARING

The Court held an evidentiary hearing on July 3, 2018, on Defendants' Motion for Sanctions [DE 213], Plaintiff's Renewed Motion for Reconsideration [DE 219], and Defendants' Second Motion for Sanctions [DE 223]. Plaintiff presented by telephone Dietmar Dude, whose

testimony was later stricken[1], and Aldo Beltrano, Esq. (in person), as witnesses. Plaintiff also introduced Exhibits 9, 10, 12, 13, 14, 15, 16, 18, 19, 20, 21. The exhibits consist of correspondence between Plaintiff's counsel, Aldo Beltrano, and Plaintiff's physicians; a Declaration from Plaintiff; a hospital contract dated April 6, 2018; correspondence regarding setting Plaintiff's deposition; and information about Plaintiff's past international travel.

Defendants introduced no witnesses. Defendants introduced three exhibits—Exhibit 9, which is the amended notice of deposition duces tecum of Plaintiff; Exhibit 10, which consists of communications between the parties regarding selection of mediation dates; and Exhibits 13 and 13A, which consist of communications between counsel regarding setting Plaintiff's deposition.

### III. ANALYSIS

A. Plaintiff's Renewed Motion for Reconsideration [DE 219]

The Court assumes familiarity with the Court's prior Orders [DEs 158, 210, 211, 220, 235]. Plaintiff's Renewed Motion for Reconsideration seeks an order postponing Plaintiff's deposition until his doctor has cleared him for travel or, alternatively, to permit deposition by remote means. [DE 219, p. 3]. The only possible basis for reconsideration asserted in the motion is the availability of new evidence, and the motion attached three exhibits. Exhibit 1 is a hospital contract, mostly in German, dated April 6, 2018, allegedly showing that Plaintiff was hospitalized in April 2018. *See* DE 219-1. Exhibit 2 is a May 31, 2018 Declaration of Plaintiff Dietmar Dude which states that he was admitted to the hospital in Hamburg, Germany, on April 6, 2018 and that, "[u]nder the advice of my cardiologist doctor I may not fly because of my heart condition." [DE 219-2, para. 6]. Exhibit 3 is a letter allegedly from a doctor or doctors [Dr P. Kremer & Dr. D. Krollner], dated June 4, 2018, which states that Plaintiff suffers

---
[1] *See* Court's Order at Docket Entry 240.

from paroxysmal atrial fibrillation, that his episodes of atrial fibrillation are triggered by stress, and that "we gave him the advice to cancel his trip to the US. We informed him that with his medical condition no airline would give him the consent for transportation out of safety concerns." [DE 219-3]. These same documents were introduced as exhibits at the July 3, 2018 hearing. The above documents are not completely translated, certified, or notarized, and are extremely vague regarding Plaintiff's condition, treatment, and limitations.

At the July 3, 2018 hearing, Plaintiff introduced two additional exhibits regarding his alleged health problems. First, Plaintiff's Exhibit 13 is a declaration dated June 7, 2018, signed by Dr. Peter Kremer [DE 239-4], stating that Plaintiff

> is presently under my care, and I am treating him for paroxysmal atrial fibrillation. I have observed that this condition is triggered by stress and that, in Mr. Dude's case, they are followed by the development of cardiac failure (severe depression of LV-function with consecutive decompensation).

[DE 239-4]. The declaration also states that "[a]t the present time, I do not recommend that Mr. Dude travel to the United States. I have advised him of this, and I have further advised Mr. Dude that an airline would not consent to accept him as a passenger given his current medical condition." *Id.* Not only is the document vague and lacking proper notarization, but Mr. Beltrano testified at the evidentiary hearing that he drafted the declaration, and Dr. Kremer simply agreed to sign it. Mr. Beltrano also testified that he had not called any airlines to see if they realistically could prevent Plaintiff from flying. The declaration is of dubious credibility and carries little weight.

The second exhibit, Exhibit 16, is a "Medical Report Concerning Mr. Dietmar Dude" from Dr. K. Strecker [DE 239-7]. The document is dated June 25, 2018. *Id.* The document states that Plaintiff has been in Dr. Strecker's care since 2002 and that he is being treated for

hypertension and hyperlipidemia. *Id.* Dr. Strecker also wrote that Plaintiff "has recently been cardiologically treated for cardiac arrhythmias and consequent cardiac insufficiency. Because of his limited physical condition Mr. Dude avoids long air travel for years. In the case of a trip to the United States, I can not [sic] guarantee that there will be no cardiac compensation." *Id.* The document from Dr. Strecker is once again extremely vague. Moreover, it is contradicted by the documents introduced regarding Plaintiff's travel since Plaintiff has traveled to the United States as recently as November 2015. [Plaintiff's Ex. 18; DE 239-8]. Therefore, it is clear that Plaintiff has not avoided "long air travel for years." This report is of dubious credibility and carries little weight.

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.*

Plaintiff is moving for reconsideration on the basis of the availability of new evidence. The Court finds that all of the above evidence is once again insufficient. The credibility and legitimacy of the alleged new evidence is dubious at best. All of the alleged new evidence carries very little weight with this Court. Plaintiff is not currently hospitalized. Plaintiff has

no upcoming hospitalizations or surgeries. Plaintiff's medical issue is entirely speculative and uncorroborated. "[A] party seeking to prevent or delay a deposition on medical grounds must make a 'specific and documented factual showing that the deposition will be dangerous to the deponent's health.'" *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012) (quoting *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D.Ohio 1998)). "As such, conclusory or speculative statements by a treating physician about the harm which will be suffered without a protective order are simply insufficient." *Id.* "Due to the high burden parties must meet in substantiating alleged 'extraordinary circumstances,' courts will rarely grant a protective order that completely prohibits a deposition." *Campos*, 288 F.R.D. at 137.

Here, the medical evidence is extremely vague and conclusory, is not accompanied by any properly notarized affidavit or declaration, and does not include any detailed medical records whatsoever. Some of the evidence is in a foreign language, and Plaintiff failed to obtain a court-certified translation. Additionally, the evidence does not suggest that Plaintiff has any impending surgeries or hospitalizations. Thus, Plaintiff has failed to show exceptional circumstances sufficient to warrant the issuance of a protective order shielding him from attending his deposition in this District. *See Arnold v. Wausau Underwriters Ins. Co.*, No. 13-60299-CIV, 2013 WL 5488520, at *3 (S.D. Fla. Sept. 30, 2013) (finding that, because the statements in the doctor's correspondence were vague, conclusory, and non-specific, they were insufficient to support the award of a protective order).

The Court finds that Plaintiff is very clearly playing games with the Court and with Defendants. His excuses for failing to appear for deposition in this district have run the gamut from Plaintiff does not know anything about this lawsuit, to the fact that Plaintiff does not want

to come to this district, to his alleged medical issues. The Court finds Plaintiff's position to be a farce to avoid his deposition. Plaintiff has filed suit in this district and has lodged serious allegations against numerous defendants, including members of the Florida Bar whose reputations can be negatively affected by such allegations. Plaintiff has the right to file such allegations. However, Plaintiff cannot evade his in-person deposition in this district. Defendants desire to completely and fairly test Plaintiff's allegations and credibility, as is their right. Plaintiff brought his suit here, and the facts of the case dictate that Plaintiff should be personally deposed in this district.

B. Defendants' Motions for Sanctions [DEs 213, 223]

Defendants are seeking a variety of sanctions against Plaintiff for failing to attend the mediation, filing a last minute motion for reconsideration which caused the Court to cancel the June 5, 2018 deposition of Plaintiff, and failing to comply with Court Orders. Defendants also seek sanctions against Plaintiff's counsel. The Court will determine the issue of whether an award of attorney's fees and costs is an appropriate sanction below and will consider the other sanctions requested by Defendants in a separate report and recommendation.

Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further orders." Fed. R. Civ. P. 37. Additionally, Rule 37(b)(2)(C) states, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37.

Similarly, Federal Rule of Civil Procedure 16(f) states that the Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Local Rule 16.2(e) also states that "[f]ailure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court." S.D. Fla. L. R. 16.2(e).

The Court can also award attorney's fees and costs pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted). Courts have long been recognized as having certain implied powers that are "necessary to the exercise of all others." *Id.* at 43 (citing *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812) and *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers, 501 U.S. at 43* (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's "inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id.* at 46.

A federal court possesses the inherent power to impose sanctions when there has been willful misconduct. *See Id.* at 44. To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.,* 186 Fed.

Appx. 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith.") (citation and quotations marks omitted).

The Court has the ability to assess attorney's fees and costs against the client or his attorney, or both, when the client or attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *McDonald*, 186 Fed. Appx. at 931 (citation omitted). A party seeking to invoke this inherent power must prove bad faith by clear and convincing evidence. *See JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts and Quartz Crystals*, 93 F.Supp.3d 1331 (S.D.Fla. 2015), aff'd sub *nom JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976 (11th Cir. 2017) (holding that a movant must prove sanctionable conduct by clear and convincing evidence to invoke the court's inherent power to sanction bad-faith litigation conduct); *Barash v. Kates*, 585 F.Supp.2d 1347, 1365 (S.D.Fla. 2006). A party shows bad faith "by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers*, 501 U.S. at 46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689. 14 (1978)).

With these principles in mind, the Court must determine whether sanctions in the form of attorney's fees, costs, or expenses against Plaintiff and/or against Aldo Beltrano, Esq., are appropriate, and if so, the nature of the sanctions that should be imposed.

Having considered all of the filings in this case and the testimony and evidence admitted at the July 3, 2018 hearing, the Court first finds that an award of attorney's fees and costs is appropriate against Plaintiff and in favor of Defendants under Rule 37, Rule 16(f), Local Rule

16.2(e), and the inherent power of the Court. Plaintiff has blatantly failed to comply with four Court Orders [DEs 158, 189, 210, and 211], has failed to attend his mediation, has refused to sit for his deposition in this district, and has failed to present sufficient evidence to support his position that he is allegedly too ill to travel to this district. Plaintiff's efforts to avoid his deposition and mediation are a charade designed to frustrate Defendants. Plaintiff has acted in bad faith. Plaintiff has wasted the time of this Court and of Defendants' counsel with his dilatory and improper conduct. There is clear and convincing evidence to support an award of costs and attorney's fees against Plaintiff due to this behavior. The Court once again emphasizes that Plaintiff filed this case, which includes allegations of fraud against members of the Florida Bar, yet is refusing to comply with his basic duties and obligations as a plaintiff. Such behavior by Plaintiff simply will not be tolerated by this Court.

The Court has carefully considered Defendants' request that sanctions also be imposed upon Plaintiff's counsel, Mr. Beltrano. The Court is not pleased with Mr. Beltrano's conduct in this case, especially as it relates to last minute motions, one of which was improperly deemed an emergency, over discovery issues which should have been easily resolved. The Court will not, however, require Mr. Beltrano, Plaintiff's counsel, to pay an award of attorney's fees, costs, or expenses. Mr. Beltrano established at the July 3rd hearing that he has tried to encourage his client to comply with the Court's Orders and to come to this district as required. Mr. Beltrano testified that he cannot control his client and that Plaintiff ignores his advice. Mr. Beltrano also established that he has attempted to obtain better medical evidence but has been unable to do so. It seems Mr. Beltrano has a very difficult client. As stated earlier, the Court notes that Mr. Beltrano's conduct in this case has not been exemplary. He has filed many last minute,

insufficient, and meritless motions, he has had limited in-person and telephonic contact with his own client, he failed to obtain an interpreter for his own client at the July 3rd hearing, and he has failed to properly confer with opposing counsel throughout the case. However, the Court finds that this conduct does not constitute willful misconduct, but rather negligence. Therefore, the Court chooses to exercise its discretion in this matter and not to enter an award of attorney's fees, costs, or expenses at this time against Mr. Beltrano due to his client's failure to appear at deposition or at mediation.[2]

Pursuant to the inherent authority and jurisdiction of the Court, and also pursuant to Rule 37, Rule 16(f), and Local Rule 16.2(e), the Court will award attorney's fees and costs against Plaintiff as specified below.

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's Renewed Motion for Reconsideration [DE 219] is **DENIED**. Plaintiff has failed to establish that he was or is unable to travel to this district to attend mediation and deposition. Plaintiff is simply being dilatory, recalcitrant, and obstructionist. Plaintiff is refusing to follow Court Orders, and attempting to use his alleged medical condition as a cover or subterfuge for his failure to comply with Court Orders and comply with his discovery and mediation obligations. This behavior by Plaintiff will not be tolerated.

2. Defendants' Motion for Sanctions [DE 213] is **GRANTED IN PART**.

3. Defendants' Second Motion for Sanctions [DE 223] is **GRANTED IN PART**.

---

[2] This Order does not address Rule 11 sanctions, which may be sought by Defendants for the actions of Plaintiff and Plaintiff's counsel in allegedly filing a civil lawsuit when Plaintiff had no knowledge of the facts of this case. If Defendants wish to pursue such a motion, they must do so separately and strictly comply with the requirements of Federal Rule of Civil Procedure 11. The Court will not address any Rule 11 issues as this time.

4. Defendants' motions for sanctions are granted to the extent that Defendants seek an award of reasonable attorney's fees, costs, and expenses. The Court will impose an award of reasonable attorney's fees, costs, and expenses against Plaintiff (and not Plaintiff's counsel) for the time incurred by Defendants' counsel in having to (1) research and draft a response to Plaintiff's Motion to Excuse Personal Appearance at Mediation [DE 197], (2) research and draft a response to Plaintiff's Motion for Reconsideration [DE 198], (3) prepare for and attend the May 17, 2018 hearing, (4) research and draft their Motion for Sanctions [DE 213], (5) research and draft a response to Plaintiff's Emergency Renewed Motion for Reconsideration and to Postpone Deposition [DE 219], (6) research and draft their Second Motion for Sanctions [DE 223], (7) research and draft a response to Plaintiff's Motion to Appear at Hearing by Telephone [DE 230], (8) prepare for and attend the July 3, 2018 hearing; (9) prepare for and attend the May 23, 2018 mediation; (10) and prepare for the June 5, 2018 deposition of Plaintiff, including conferral and communications regarding Plaintiff's deposition from January 31, 2018, through the issuance of the final notice of taking deposition on June 5, 2018.

5. The Court, therefore, directs counsel for Defendants to file, on or before **July 27, 2018**, a memorandum that addresses the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that Defendants incurred completing the above described activities, as well as any costs incurred. Defendants may attach an affidavit or affidavits regarding their attorney's fees and costs incurred if they wish to do so. The Court will not entertain any billing records that go beyond

the strict parameters contained in this Order. Additionally, in submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If Defendants do not exercise billing judgment, the Court will do so.

6. Plaintiff shall then have until **August 3, 2018**, to file Plaintiff's memorandum responding and/or objecting to the amount of attorney's fees and costs sought by Defendants, including the hourly rate of counsel and time claimed to have been expended by Defendants' counsel on this matter.

7. Thereafter, Defendants shall have until **August 8, 2018**, to file their reply. Thereafter, the Court will determine the amount of attorney's fees and costs to be paid by Plaintiff to Defendants and enter a further Order directing such payment.

**DONE and ORDERED** in Chambers this 16th day of July, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE