UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80522-CIV-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, et al.,

    Defendants.
_____/



## ORDER AWARDING ATTORNEY'S FEES AND COSTS TO DEFENDANTS CONGRESS PLAZA, LLC, AND CONGRESS 1010, LLC, AND AGAINST PLAINTIFF

**THIS CAUSE** is before the Court upon Defendants, Congress Plaza, LLC, and Congress 1010, LLC's ("Defendants") Notice of Filing of Affidavit of Barry G. Roderman in Support of Attorney's Fees and Costs [DE 246] and Defendants' Notice of Filing Attorney's Fees of David M. Goldstein, P.A. [DE 249]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DEs 21, 225. Plaintiff, Dietmar Dude ("Plaintiff"), has filed a Response and Objection to the Amount of Attorney's Fees Sought by Defendant [DE 251]. Defendants have not filed a timely reply. This matter is now ripe for review.

### I. BACKGROUND

On July 16, 2018, the undersigned entered an Order Denying Plaintiff's Renewed Motion for Reconsideration and Granting in Part Defendants' Motion for Sanctions [DE 241]. In that Order, the Court granted Defendants' request for an award of reasonable attorney's fees, costs, and expenses against Plaintiff for the time incurred by Defendants' counsel in having to (1) research and draft a response to Plaintiff's Motion to Excuse Personal Appearance at Mediation

1

[DE 197], (2) research and draft a response to Plaintiff's Motion for Reconsideration [DE 198], (3) prepare for and attend the May 17, 2018 hearing, (4) research and draft their Motion for Sanctions [DE 213], (5) research and draft a response to Plaintiff's Emergency Renewed Motion for Reconsideration and to Postpone Deposition [DE 219], (6) research and draft their Second Motion for Sanctions [DE 223], (7) research and draft a response to Plaintiff's Motion to Appear at Hearing by Telephone [DE 230], (8) prepare for and attend the July 3, 2018 hearing; (9) prepare for and attend the May 23, 2018 mediation; (10) and prepare for the June 5, 2018 deposition of Plaintiff, including conferral and communications regarding Plaintiff's deposition from January 31, 2018, through the issuance of the final notice of taking deposition on June 5, 2018. *Id.* at p. 14.

In the July 16, 2018 Order, the Court directed counsel for Defendants to file a memorandum that addressed the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that Defendants incurred completing the above described activities. [DE 241]. The Court also directed Plaintiff to file a memorandum responding and/or objecting to the amount of attorney's fees and costs sought by the Defendants. *Id.* at p. 15. Finally, the Court provided the Defendants with an opportunity to file a reply. *Id.*

Defendants filed Notices as required. *See* DEs 246, 249. Barry G. Roderman, Esq., from the law firm of Barry G. Roderman and Associates, P.A., states in an affidavit that he incurred $37,833.33 in attorney's fees and costs on behalf of Congress Plaza, LLC, Congress 1010, LLC, and Barry G. Roderman. [DE 246-1, p. 1]. Mr. Roderman asserts that he spent 53.7 hours at the hourly rate of $650, his paralegal spent 6.70 hours at the hourly rate of $125, and he incurred $2,090.33 in costs. *Id.* Attached to Mr. Roderman's Affidavit are his billing records.

David M. Goldstein, Esq., from the law firm of David M. Goldstein, P.A., simply submitted a "Statement of Charges", stating that he incurred $40,875.00 in attorney's fees on behalf of Defendants, Congress Plaza, LLC, Congress 101, LLC, David M. Goldstein, Esq., and Barry G. Roderman. [DE 249]. He lists his billing rate as $750 per hours and represents that he spent 54.5 hours on relevant legal work. *Id.*

## II.     LEGAL STANDARD

### A. Attorney's Fees

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If Defendants do not exercise billing judgment, the Court will do so.

### 1. Reasonable Hourly Rate

In seeking reimbursement for their attorney's fees, Defendants seek billings rates of $650 per hour from Mr. Roderman and $750 per hour for Mr. Goldstein. Defendants have not provided any explanation whatsoever for the extremely high billing rates of their counsel. The Court also notes that the Plaintiff has objected to the hourly rates of defense counsel. [DE 251, pp. 3-5].

The Court finds that, in this discovery dispute, neither Mr. Roderman's nor Mr. Goldstein's hourly rate is reasonable in comparison to the prevailing market rate in the relevant legal community. Based upon on the Court's own knowledge and experience, the Court concludes that defense counsel's hourly rates of $650 and $750 are very high compared to the range of rates currently charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. *See Bivins,* at 1350, n. 2.

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). However, without any explanation as to why the attorneys should receive such high rates and based on the Court's own knowledge and experience, the Court finds

Mr. Goldstein's and Mr. Roderman's hourly rates should be reduced to $450 as to the discovery and mediation disputes in this case. Finally, based upon the Court's own knowledge and experience, the Court finds that Mr. Roderman's paralegal's rate of $125 is reasonable.

2. **Number of Hours Reasonably Expended**

Next the Court must determine whether the hours billed as to the specific tasks delineated by the Court in its prior Order [DE 241] were reasonable. Defendants' counsel, Mr. Roderman, claims to have spent 60.40 hours, along with his paralegal, working on the relevant matters. Defendants' counsel, Mr. Goldstein, claims to have spent 54.5 hours working on the relevant matters.

The Court has carefully reviewed the time entries. There are multiple issues with the billing entries. Mr. Roderman has engaged in extensive block billing.[1] Mr. Goldstein has engaged in some block billing, and, moreover, many of his billing entries are extremely vague, ambiguous and unclear. Mr. Roderman and Mr. Goldstein both seem to be claiming hours for legal work for defendants other than just Congress Plaza, LLC, and Congress 1010, LLC, when the Court has only ordered an attorney's fees award in favor of these two defendants who actually filed the motions for sanctions in the first place. Most importantly, it appears that the two attorneys' legal work greatly overlapped.[2] The Court cannot award attorney's fees for duplicative legal work. The Court's finds that a 20% reduction of the time billed by Defendants' counsel makes the requested attorney's fees award reasonable.

---

[1] This type of block billing is not permissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. *See Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014); *Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.*, No. 10–24590–Civ, 2012 WL 5818138, at *4 (S.D. Fla. 2012)

[2] For example, both attorneys billed for reviewing the exact same pleadings and orders on behalf of the same clients.

5

Taking into account the reduction in Mr. Roderman's hourly rate and the 20% across-the-board cut, Defendants are entitled to an award of $20,002.00 in attorney's fees for the legal work completed by Mr. Roderman and his paralegal. Taking into account the reduction in Mr. Goldstein's rate and the 20% across-the-board cut, Defendants are entitled to an award of $19,620.00 in attorney's fees for the legal work completed by Mr. Goldstein. Therefore, the total attorney's fees award to be imposed against Plaintiff and in favor of Defendants is $39,622.00.

## B. Costs

Mr. Roderman is seeking $2,090.83 in costs. This consists of $1,970.83 for the mediation that Plaintiff failed to attend and $120 for photocopies for use at the July 3, 2018 evidentiary hearing. The Court finds that these costs are reasonable and should be awarded to Defendants.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The total attorney's fees award that shall be imposed against Plaintiff, Dietmar Dude, and in favor of Defendants Congress Plaza, LLC, and Congress 1010, LLC's is $39,622.00.

2. The total award of costs that shall be imposed against Plaintiff, Dietmar Dude, and in favor of Defendants Congress Plaza, LLC, and Congress 1010, LLC's is $2,090.83.

3. On or before **September 10, 2018**, Plaintiff is hereby ORDERED to make payment in the amount of $22,092.83[3] to the trust account of Barry G. Roderman and Associates, P.A., counsel for Defendants Congress Plaza, LLC, and Congress 1010, LLC.

4. On or before **September 10, 2018**, Plaintiff is hereby ORDERED to make payment in the amount of $19,620.00 to the trust account of David M. Goldstein, P.A., counsel for Defendants Congress Plaza, LLC, and Congress 1010, LLC.

---

[3] This amount includes both attorney's fees and costs.

6

5. Should Plaintiff, Dietmar Dude, fail to pay this award of attorney's fees and costs in a timely manner as ordered herein, the Court, upon proper application by Defendants, shall consider whether Plaintiff should suffer further sanctions, be found in contempt of court, have a judgment entered against him personally for this amount, or be subject to any and all other relief deemed lawful and appropriate.

**DONE and ORDERED** in Chambers this 13th day of August, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE