UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80522-CIV-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff,

vs.

CONGRESS PLAZA, LLC, et al.,

    Defendants.
_____/

FILED by _____ D.C.
AUG 2 3 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **ORDER DENYING DEFENDANTS' JOINT MOTION FOR SANCTIONS [DE 256]**

**THIS CAUSE** is before the Court upon Defendants, David M. Goldstein, David M. Goldstein, PA., Barry G. Roderman, Thomas Farese, and Suzanne Farese's ("Defendants") Joint Motion for Sanctions ("Motion") [DE 256]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 254. Plaintiff, Dietmar Dude ("Plaintiff") has filed a response [DE 252], and no timely reply was filed. The Motion is now ripe for review.

Defendants are seeking an award of reasonable costs and attorney's fees incurred as a result of Plaintiff and/or his counsel's violation of Rule 11. [DE 256, p. 4]. Defendants argue that any cause of action filed against the individual defendants was "frivolous right from the start, and had no basis in fact, law or the application of law to the facts under either Florida Statute § 57.105 and/or Rule 11." *Id.* at p. 7. In response, Plaintiff argues that Defendants should not have filed their Motion since he had filed a Motion to Dismiss the Case without Prejudice during the safe harbor period. [DE 252, pp. 3-5]. Plaintiff additionally asserts that

1

his allegations against Defendants in the Second Amended Complaint were made in good faith and based on the information that Plaintiff had at the time. *Id.* at pp. 5-10.

Federal Rule of Civil Procedure 11(c)(2) states the following:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 dates after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

"[A] party seeking Rule 11 sanctions must comply with two procedural requirements: (1) the party must file a separate motion seeking the sanctions and describe the specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing/behavior. This second requirement is commonly referred to as the 'safe harbor' requirement." *Ross v. Dep't of Children*, No. 3:13-CV-1185-J-39JRK, 2014 WL 12628541, at *2 (M.D. Fla. May 27, 2014). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

The Court has reviewed the Motion and the entire docket in this case. According to Plaintiff, Defendants' counsel served the Joint Motion for Sanctions upon Plaintiff's counsel on July 10, 2018, via email. [DE 252, p. 1]. Then, on July 20, 2018, the undersigned issued a Report and Recommendation on two other motions for sanctions previously filed by Defendants

2

which recommended that all of Plaintiff's claims be dismissed without prejudice. [DE 242]. On July 23, 2018, Plaintiff filed a Motion to Dismiss Case Following Report and Recommendation and Served Rule 11 Motion [DE 244]. Plaintiff explained that he was moving to dismiss the case without prejudice within the 21 day safe harbor period established by Rule 11. *Id.* at p. 2.

Defendants first filed their Joint Motion for Sanctions on August 2, 2018. *See* DE 250. They filed the Motion again on August 14, 2018, after the Court requested a more readable version of the document. *See* DEs 255, 256.

The Court finds that Plaintiff complied with Rule 11 when he requested that the Second Amended Complaint be denied without prejudice during the safe harbor period. *See Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1351 (S.D. Fla. 2009) ("The safe harbor protection of Rule 11 is available to a litigant who 'withdraws' the offending paper. F.R.C.P. 11(c). The Rule does not authorize the movant to place conditions on the withdrawal or require the withdrawal to be with prejudice, in order for the non-movant to avoid sanctions."). Here, the safe harbor period would have ended on July 31, 2018, and Plaintiff filed his Motion to Dismiss Case Following Report and Recommendation and Served Rule 11 Motion [DE 244] on July 23, 2018. Plaintiff effectively withdrew the offending pleading. Defendants should have never filed their Motion with the Court based on these facts.

Defendants try to make an argument in their Motion that they have also previously filed motions requesting Rule 11 sanctions. However, the prior requests for Rule 11 sanctions were made in motions to dismiss—and not made separately from any other motion—and do not appear to have been preceded by the safe harbor correspondence to Plaintiff's counsel, as

required by the Rule. Therefore, Defendants' prior requests for Rule 11 sanctions were invalid.

Based on the foregoing, the Court **ORDERS** that Defendants' Joint Motion for Sanctions [DE 256] be **DENIED**.

**DONE and ORDERED** in Chambers this 23Rd day of August, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE