UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-80522-CIV-Marra/Matthewman

DIETMAR DUDE,

      Plaintiff,

vs.

CONGRESS PLAZA, LLC, et al.,

      Defendants.

_____/



FILED by _____ D.C.

OCT 0 5 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING ALDO BELTRANO'S RULE 11 MOTION FOR SANCTIONS [DE 261] AND DENYING DIETMAR DUDE'S AND HARALD DUDE'S RULE 11 MOTION FOR SANCTIONS [DE 262]

**THIS CAUSE** is before the Court upon Third-Party Defendant, Aldo Beltrano's Rule 11 Motion for Sanctions against Congress Plaza, LLC, Congress 1010, LLC, Barry G. Roderman and David M. Goldstein (collectively, "Defendants") [DE 261] and Counterclaim Defendant Dietmar Dude and Third-Party Defendant Harald Dude's (the "Dudes") Rule 11 Motion for Sanctions against Congress Plaza, LLC, Congress 1010, LLC, Barry G. Roderman and David M. Goldstein [DE 262]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 272. Defendants have filed responses [DEs 265, 270], the Dudes' counsel, Beltrano & Associates, filed one reply [DE 267] on the law firm's own behalf, and the Dudes filed a reply [DE 275]. The motions are now ripe for review.

## MOTIONS, RESPONSES, AND REPLIES

The two motions are virtually identical. Aldo Beltrano, Dietmar Dude, and Harald Dude argue that Paragraph 9 of the Counterclaim and Third-Party Claim [DE 149] filed by

1

Defendants on February 8, 2018, contains a misrepresentation in Paragraph 9. [DE 261-1, p. 3; DE 262-1, p. 3]. Paragraph 9 of the Counterclaim and Third-Party Claim states the following: "At all times material hereto CML [Congress Management, LLC] had a federal tax liability to the Internal Revenue Service for the years 1998 through 2009 (as of December 31, 2009) in the approximate amount of $5,305,976.59...." [DE 149, p. 3].

According to Aldo Beltrano, Dietmar Dude, and Harald Dude, Paragraph 9 "sorely misrepresents the realities of the tax issues which have become a key point of this case and are the lynchpin of the Counterclaim. The Tax Liability was and is against Harald Dude, not against the entity, CM, itself." [DE 261-1, p. 3; DE 262-1, p. 3]. Aldo Beltrano, Dietmar Dude, and Harald Dude further contend that "[w]hat tax liabilities existed and when they came into existence are material to the Counterclaim. The information about the Harald Dude Tax Lien and the CM Tax Lien is publicly available and can be located without substantial trouble and without the incursion of significant cost to the CP parties." [DE 261-1, p. 6; DE 262-1, p. 6]. Finally, Aldo Beltrano, Dietmar Dude, and Harald Dude argue that, at best, Defendants' counsel "did not take the time to conduct a simple records search" and, at worst, Defendants' counsel "are ignoring these facts." *Id.* They assert that, either way, Defendants "filed a Counterclaim and Third Party Claim which they knew or should have known were not supported by the material facts necessary to support their claims for conspiracy or fraud...and should thus be subject to sanctions." *Id.*

In response to Dietmar Dude and Harald Dude's motion, Defendants simply argue that Beltrano & Associates should be "disqualified from filing any pleadings on behalf of [the Dudes], including a Motion for Sanctions [DE-262-1] that was filed contemporaneously with the

2

Motion to Withdraw and the Defendants' Motion for Final Judgment [DE-26-1]." [DE 265, p. 2]. In other words, Defendants contend that, if Beltrano & Associates and its clients have had fundamental disagreements about the clients' conduct in this case, Beltrano & Associates should be precluded from filing motions on the clients' behalf.

Beltrano & Associates argues in response that, until the Court has granted the motion to withdraw, the law firm remains counsel of record for the Dudes, and the law firm "remains obligated to provide representation to the Dudes." [DE 267, p. 2]. Beltrano & Associates further asserts that the Dudes can still pursue their Rule 11 motion even after the motion to withdraw is granted. *Id.*

Defendants have also filed a substantive response to Dietmar Dude and Harald Dude's Rule 11 Motion for Sanctions. *See* DE 270.[1] They argue that, in this case, Harald and Dietmar Dude "undertook substantial efforts to conceal the underlying debt of Congress Plaza from the IRS" and that Defendants "were thwarted in the discovery efforts to obtain testimony from [Dietmar Dude] as to the reasons or motivation for the acts of concealment." *Id.* at pp. 6-7. Defendants contend that, given the evidence, "no reasonable attorney could assert that the facts [asserted in the Counterclaim] were objectively frivolous." *Id.* at p. 7.

In reply, the Dudes argue that Defendants failed to withdraw or appropriately correct the Counterclaim and Third-Party Complaint within the 21-day safe harbor provision. [DE 275, p. 2]. The Dudes contend that the Amended Counterclaim was filed more than a month after the safe harbor period and "24 days after their self-imposed, 10-day deadline of September 3, 2018." *Id.* The Dudes argue that "[a] reasonable attorney of Mr. Roderman's or Mr. Goldstein's

---

[1] It appears that Defendants intended to respond to both pending Rule 11 motions for sanctions, not just the motion filed by the Dudes.

experience should have been able to review [the] documents and objectively and [sic] determine that the timeline they propose simply does not support their allegations." *Id.* at pp. 4-5.

## APPLICABLE LAW

Federal Rule of Civil Procedure 11(b) states in relevant part that, when an attorney presents to the court a pleading, that attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading it not being presented for an improper purpose, the claims and legal contentions are supported by existing law or a non-frivolous argument for changing existing law, and the factual conditions have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Shipping & Transit, LLC v. Demandware, Inc.*, No. 15-80098-CIV, 2015 WL 11438496, at *1 (S.D. Fla. Aug. 4, 2015) (quoting *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks omitted)). "They may be imposed for the purpose of deterrence, compensation and punishment." *Id.* (internal quotation marks omitted).

"Rule 11 is not a vehicle for a defendant to test its defenses to a claim. It is a device to sanction plaintiffs who assert claims (or defendants who assert defenses) with no legal or factual basis. Fairly debatable legal contentions are beyond Rule 11's reach. Due to both the gravity of the consequences of a Rule 11 motion and the need to not trivialize conduct that truly merits sanctions, Rule 11 motions should be employed sparingly." *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016).

Federal Rule of Civil Procedure 11(c)(2) states the following:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 dates after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

"[A] party seeking Rule 11 sanctions must comply with two procedural requirements: (1) the party must file a separate motion seeking the sanctions and describe the specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing/behavior. This second requirement is commonly referred to as the 'safe harbor' requirement." *Ross v. Dep't of Children*, No. 3:13-CV-1185-J-39JRK, 2014 WL 12628541, at *2 (M.D. Fla. May 27, 2014). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

## ANALYSIS

The Court has reviewed the motions, responses, replies, and the entire docket in this case. According to the motions, Defendants were served with both Rule 11 motions on August 3, 2018, thereby initiating the 21-day safe harbor provision. On August 24, 2018, Defendants filed a Notice of Election of Disposition [DE 258], electing to maintain their pending Counterclaim and promising to file within ten days a motion for leave to amend and proposed

amended counterclaim to address any jurisdictional issues that may be created if the Court dismissed Dietmar Dude's claims. Defendant's Notice was filed within the safe harbor period.

Then, on August 29, 2018, the Court entered an Order dismissing without prejudice the Dietmar Dude's claims and dismissing the motions to dismiss the Counterclaim in light of Defendants' representation that they would be filing an amended counterclaim. *See* DE 259. In other words, the Court made an implicit finding that there was no operative counterclaim once Defendants filed their Notice.

The Rule 11 motions were filed on September 12, 2018. Defendants later filed an Amended Counterclaim [DE 271] on September 27, 2018. Paragraph 6 of the Amended Counterclaim states the following: "At all time [sic] material hereto CML, as the alter ego of HD, had a federal tax liability to the Internal Revenue Service for the years 1998 through 2009 (as of December 31, 2009) in the approximate amount of $5,305,976.59." [DE 271, p. 2]. Therefore, Defendants arguably corrected or clarified the objected-to factual allegation contained in the original counterclaim.

In light of the procedural history of the case, the Court finds that Defendants complied with Rule 11 when they promised to file an amended counterclaim within the safe harbor provision and then ultimately filed an Amended Counterclaim that corrected the paragraph relied on by the Dudes and Aldo Beltrano as being the basis for the Rule 11 motions. *See Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1351 (S.D. Fla. 2009) ("The safe harbor protection of Rule 11 is available to a litigant who 'withdraws' the offending paper. F.R.C.P. 11(c)."). Here, the safe harbor period would have ended on August 24, 2018, and Defendants filed their

Notice on that date.   Defendants effectively withdrew the offending pleading.[2]

The Court also finds that the motions are due to be denied as the claims pursued by Defendants in their Counterclaim do not appear to be frivolous or brought for an improper purpose.   This is a unique case involving rather confusing underlying evidence and a plaintiff, Dietmar Dude, who was not willing to fully participate in the discovery process.[3]   Had the plaintiff, Dietmar Dude, participated in the discovery process, Defendants could have learned more about the tax lien from Dietmar Dude.

Based on the foregoing, the Court **ORDERS** that Third-Party Defendant, Aldo Beltrano's Rule 11 Motion for Sanctions against Congress Plaza, LLC, Congress 1010, LLC, Barry G. Roderman and David M. Goldstein [DE 261] be **DENIED** and Counterclaim Defendant Dietmar Dude and Third-Party Defendant Harald Dude's Rule 11 Motion for Sanctions against Congress Plaza, LLC, Congress 1010, LLC, Barry G. Roderman and David M. Goldstein [DE 262] be **DENIED**.

**DONE and ORDERED** in Chambers this _5_ day of October, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Dudes argue in their reply that Defendants did not sufficiently withdraw the offending counterclaim within the safe harbor period.   The Court notes that, pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants could not file an amended counterclaim without the opposing party's written consent or the Court's leave. Defendants did not officially obtain court leave until August 29, 2018.

[3] Because of plaintiff, Dietmar Dude's failure to appear at his deposition and at mediation, his complaint was dismissed, and attorney's fees and costs were awarded against him.   *See* DEs 241, 242, 253, 259.