UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80522 MARRA/MATTHEWMAN

DIETMAR DUDE,

    Plaintiff/Counterclaim-Defendant,
v.

CONGRESS PLAZA LLC and
THOMAS R. FARESE, *et al.*,

    Defendants/Counterclaim-Plaintiffs.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Counterclaim Defendant Dietmar Dude's "Response to Second Amended Counterclaim" ("Motion to Dismiss") [DE 326]. The Court has carefully considered the Motion to Dismiss, the response, the reply, and is otherwise fully advised in the premises.

## Background

Previously, Defendants Congress Plaza, LLC and Congress 1010, LLC filed an Amended Counterclaim that brought a single claim of fraud against Dietmar Dude ("Dude"). *See* DE 271. After a hearing on Dude's Motion to Dismiss the Amended Counterclaim, the Court dismissed the counterclaim without prejudice. *See* DE 324. In the Order, the Court reminded the counterclaimants of the specific requirements of pleading fraud pursuant to Federal Rule of Civil Procedure Rule 9(b). The Court also stated, "[i]n light of the convoluted history of the relationship of the parties, and this case, the Court requests that extraneous allegations that do not specifically support the Count be omitted." DE 324 at 3.

Now, Congress Plaza, LLC and Thomas R. Farese ("Counterclaim-Plaintiffs) have filed a Second Amended Counterclaim ("SAC") against Harald Dude and Monique Roberts, as Trustees of the Tennison Irrevocable Trust, successor to Dietmar Dude (hereinafter referred to as the "Trust") ("Counterclaim-Defendant") asserting violation of the Fair Debt Collection Practices Act ("FDCPA") (Count I) and violation of the Florida Consumer Collection Practices Act ("FCCPA") (Count II).  DE 325.

Counterclaim-Defendant[1] moves to dismiss the SAC asserting that Counterclaim-Plaintiffs have failed to state a cause of action because the FDCPA and FCCPA only apply to consumer debts, and the debt at question in this case is not a consumer debt.  DE 326 at 1-2.  Alternatively, Counterclaim-Defendant asserts that Counterclaim-Plaintiffs have failed to plead properly that the Counterclaim-Defendant is a "debt collector" and that the challenged conduct is related to debt collection.  DE 326 at 4.

**Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In ruling on a motion to dismiss, the Court must determine that the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining

---

[1]  Even though Dietmar Dude is listed as the only Plaintiff/Counterclaim-Defendant, "it is not disputed that the Tennison Irrevocable Trust took a general assignment of Dietmar Dude's causes of action and/or claims in this matter on February 12, 2018 . . ."  DE 327, ¶ 6.

whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi South Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014).

**Discussion**

The stated purpose of the FDCPA is to protect consumers from abusive debt collection practices by debt collectors.  15 U.S.C § 1692(e).  The purpose of the FCCPA, the Florida analogue to the FDCPA, "is to deter bad collection practices," and "to protect Florida consumers from illegal [and] unscrupulous practices of debt collectors and other persons."  *Gause v. Medical Business Consultants, Inc.*, 424 F. Supp. 3d 1175, 1186–87 (M.D. Fla. 2019) quoting *Brook v. Chase Bank USA, N.A.*, 566 F.App'x 787, 790 (11th Cir. 2014) (*per curiam*) (citation omitted).  "When viewed in *toto,* the purpose and intent of the FCCPA, like the FDCPA, is . . . not meant to preclude a creditor or someone otherwise holding a secured interest from invoking legal process to foreclose."  *See Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) ("*Trent*").

To state a claim under the FDCPA, a plaintiff must plead: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) citing *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (internal quotation marks and citation omitted);

*Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1287 (S.D. Fla. 2014). To recover under either the FDCPA, or the FCCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt."[2]  15 U.S.C. § 1692 *et seq*.

**Debt Collector**

Section 1692a of the FDCPA defines "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). The substantive provisions of the FDCPA that follow § 1692a prohibit "debt collectors" from taking certain actions. Therefore, a finding that an individual or entity is a "debt collector" is a prerequisite for a determination of liability under the FDCPA. *Birster v. Am. Home Mortgage Servicing, Inc.*, 481 F. App'x 579, 581-82 (11th Cir. 2012).

Section 1692a(6) of Title 15 of the United States Code states that a creditor collecting its own debts under its own name is not a debt collector. See 15 U.S.C. § 1692a(6). Moreover, "[u]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." *Reese v. JPMorgan*

---

[2] The FDCPA defines debt as follows:
  [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).
  The FDCPA also defines "consumer" in the following manner:
  The term "consumer" means any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

*Chase & Co.*, 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (same); *see also, Trent,* 618 F. Supp. 2d at 1360-61 (mortgagee attempting to enforce a mortgage is not a debt collector for purposes of the FDCPA or FCCPA).

The alleged wrongful conduct asserted against Counterclaim-Defendant are actions of a mortgagee attempting to enforce a mortgage, or a creditor attempting to collect its own debt. *See, i.e.*, SAC ¶¶ 23, 24. Accordingly, because Counterclaim-Defendant is not alleged to be a debt collector, the SAC fails to state a cause of action under the FDCPA. *See Trent*, 618 F. Supp. 2d at 1360-61.

The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA. The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt. Fla. Stat. § 559.55(6). The second prong differs from the FDCPA in that the FCCPA prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." Fla. Stat. § 559.72. *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011) citing *Schauer v. General Motors Acceptance Corp.*, 819 So.2d 809, 812 (Fla. Dist. Ct. App. 2002) (concluding that the FCCPA "is not restricted to debt collectors" as it "mandates that no person shall engage in certain practices in collecting consumer claims"). The third prong requires an act or omission prohibited by the FCCPA. Accordingly, the FCCPA claim does not fail because Counterclaim-Defendant is not a "debt collector."

**Consumer Debt**

The FDCPA defines the term "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment.  15 U.S.C. § 1692a(5) (emphasis added).  The FCCPA implements a definition of consumer debt that parallels the definition used by the FDCPA.  *See Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010).  Accordingly, actions arising out of commercial debts are not covered by the protective provisions of the FDCPA or FCCPA.  *See, e.g., First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135–36 (5th Cir. 1995).  Counterclaim-Plaintiffs do not plead that the dispute arose from a transaction that was "primarily for personal, family, or household purposes."  They merely make purely conclusory remarks that the debt at issue would qualify under the debt protection statutes.

It is apparent from a review of the SAC that the mortgage transaction at issue was a commercial one, not one for personal, family or household purposes.  *See* SAC ¶¶ 4, 7-16.  In particular, Counterclaim-Plaintiffs specifically allege in paragraphs 7 and 8 that the mortgage transaction in question was to acquire the "commercial property known as 'Madrid Park.'"  Because the Promissory Note was not personal in nature, it does not constitute a debt as defined by the federal or Florida statute.  *Pelletier v. Estes Groves, Inc.*, Case No. 16-14499-CIV-MARRA, 2018 WL 4208328, at *10 (S.D. Fla. Mar. 28, 2018) (dismissing with prejudice the FDCPA and FCCPA claims in a second amended complaint "[b]ecause the Promissory Note and Guaranty relate

to a business transaction and since the FDCPA [and FCCPA] do[] not apply to a loan for a business purpose, the FDCPA [and FCCPA] do[] not apply to the debt at issue.") citing *Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 F. App'x 891, 893 (11th Cir. 2006) ("The statute does not apply to the loan obtained by Lingo, which was a loan for a business, not for 'personal, family, or household purposes.'") and *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 136 (5th Cir. 1995) (concluding that guaranty agreement in connection with a commercial transaction was not personal in nature and therefore did not constitute a debt as defined by the FDCPA).

### Conclusion

Having failed to plead allegations that they were the object of collection activity arising from a consumer debt, and that Counterclaim-Defendant is a debt collector as defined under the FDCPA, Counterclaim-Plaintiffs have failed to state a cause of action under the FDCPA and FCCPA.  Accordingly, the SAC is due to be dismissed for failure to state a claim on which relief may be granted. This is Counter-Plaintiffs second attempt at asserting a counterclaim.   Moreover, since it is apparent from a review of the SAC that the mortgage transaction in question was commercial in nature, granting Counterclaim-Plaintiffs leave to amend to assert that the debt was for personal, family or household purposes would be futile.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Counterclaim-Defendant's Motion to Dismiss [DE 326] is granted with prejudice.

The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers this 6th day of May, 2020, at West Palm Beach, Palm Beach County, Florida.

KENNETH A. MARRA
United States District Judge