UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-cv-80522-Marra/Matthewman

DIETMAR DUDE,

    Plaintiff/Counterclaim-Defendant,

vs.

CONGRESS PLAZA, LLC, and
THOMAS R. FARESE, et al.,

    Defendants/Counterclaim-Plaintiffs.
_____/

CONGRESS PLAZA, LLC, CONGRESS 1010, LLC,
and THOMAS FARESE,

    Third-Party Plaintiffs,

vs.

HARALD DUDE, et al.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Apr 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER DENYING WITHOUT PREJUDICE DAVID M. GOLDSTEIN'S MOTIONS TO COMMENCE PROCEEDINGS SUPPLEMENTARY [DEs 344, 346]

**THIS CAUSE** is before the Court upon David M. Goldstein's ("Goldstein"), as Assignee of Defendants/Counterclaim-Plaintiffs, Congress Plaza, LLC, and Congress 1010, LLC, Amended Motion to Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 344] and Goldstein's Motion Requesting the Commencement of Proceedings Supplementary and the Issuance of Notices to Appear and Allowing the Filing of the Complaint to Implead Third Parties to Proceedings [DE 346]. This matter was referred to the undersigned by United States

1

District Judge Kenneth A. Marra. *See* DE 337. Aldo Beltrano, Esq., filed a Response on behalf of himself [DE 345], and no other timely responses were filed. The matter is now ripe for review.

## PROCEDURAL BACKGROUND

On August 29, 2018, the Honorable Kenneth A. Marra, United States District Judge, entered an Order [DE 259] affirming a Report and Recommendation [DE 242] entered by the Undersigned and dismissing the claims of Dietmar Dude, who was the plaintiff in the case at that time, without prejudice. On October 30, 2018, Judge Marra entered an Order [DE 283] affirming another Report and Recommendation [DE 273] entered by the Undersigned and requiring that Dietmar Dude be required to pay the outstanding award of attorney's fees and costs before he be permitted to re-file his action in this court.

On October 30, 2018, Judge Marra also entered a Final Judgment of Attorney's Fees and Costs [DE 284], which ordered that Dietmar Dude pay the "total amount of attorney's fees of $39,622.00 and costs of $2,090.83 to Congress Plaza and Congress 1010 payable in the amount of $22,092.83 to the trust account of Barry G. Roderman and Associates, P.A. and the amount of $19,620.00 to the trust account of David M. Goldstein, P.A. The total amount of $41,712.83 shall bear interest at the rate of 2.54% per annum until satisfied, FOR WHICH LET EXECUTION NOW ISSUE." *Id.*

Thereafter, on September 8, 2021, Goldstein filed a Motion to Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 332]. The parties requested and received two abatements with regard to the Court considering the motion as the parties were supposedly negotiating settlement of the matter. [DEs 338, 339, 340, 341]. On November 19, 2021, the Court entered a Paperless Order which stated in relevant part:

The Court also notes that the Motion [DE 332] was filed by Mr. Goldstein, who has

> been disbarred by The Florida Bar. That Motion 332 filed by disbarred attorney Goldstein purports to be filed on behalf of "Defendants/Counterclaim Plaintiffs, Congress Plaza, LLC and Congress 1010, LLC." [DE 332 at 1]. The Court is very concerned that Mr. Goldstein, a disbarred attorney, is purporting to represent corporate parties in this action, which conduct is prohibited. If Congress Plaza, LLC, and Congress 1010, LLC, wish to file a reply in support of their Motion [DE 332], they shall have a duly licensed attorney file such reply on or before January 5, 2022. If David M. Goldstein is truly proceeding in his capacity as an assignee and pro se litigant (and not as an attorney on behalf of any other parties in this case), he shall file an amended motion to reflect this on or before January 5, 2022, supported by an affidavit specifically stating who he is representing in this case with the supporting assignment and other documentation.

[DE 341].

Because Goldstein filed a new motion to commence proceedings supplementary [DE 344] on December 22, 2021, the Court denied as moot the original motion to commence proceedings supplementary [DE 332]. *See* DE 347.

## MOTIONS AND RESPONSE

In his motion filed on December 22, 2021, Goldstein requests commencement of proceedings supplementary and the ability to implead parties into pleadings. [DE 344 at 1]. According to Goldstein, on July 31, 2021, Congress Plaza, LLC, and Congress 1010, LLC, assigned "any and all rights of Final Judgment of 10/30/2018 . . . to David M. Goldstein." *Id.* at 2. Goldstein alleges that Plaintiff/Counter-Claimant Dietmar Dude, the judgment debtor, has "acted to defraud, hinder and delay CONGRESS and the assigned judgment creditor David M. Goldstein, assignee, by transferring assets to insides, without formality or consideration." *Id.* Goldstein also seeks to implead the following supplemental defendants: Harald Dude, Denise Dude a/k/a Denise Roberts, Monique Roberts, Aldo Beltrano, Monique Roberts and Harald Dude as Co-Trustees of the Tennison Trust, and Congress Management, LLC, a dissolved LLC and as alter ego of Harald Dude and Monique Roberts. *Id.* at 3. Goldstein asserts a fraudulent transfer theory and relies on

3

sections 56.29(3)(a) and 726.106(a), Florida Statutes. *Id.* at 4, 6.

In response to Goldstein's Amended Motion to Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 344], Aldo Beltrano, Esq. ("Beltrano") does not contest that a final judgment of attorney's fees in the amount of $41,712.83 was entered against Dietmar Dude in the underlying case. [DE 345 at 1]. However, he points out several deficiencies in Goldstein's Amended Motion to Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 344]. Beltrano asserts that Goldstein "has made no effort to describe, with any specificity, any property fraudulently transferred to Beltrano." *Id.* at 3. Additionally, Beltrano argues that the motion is "unverified and is supported only by an unnotarized affidavit which contains only vague, meandering allegations." *Id.* Beltrano also contends that Goldstein has "failed to include an affidavit attesting that he is proceeding in this matter as an assignee and pro se litigant," as required by the Court in its prior Paperless Order [DE 341]. *Id.* at 6. Beltrano takes issue with the wording of the Assignment of Judgment itself in that the Congress Parties maintain their right to join in an action for proceedings supplementary or take any other action at their own discretion. *Id.* at 7. Finally, Beltrano argues that the Roderman Assignment attached to the motion serves no purpose and that Goldstein is participating in unlicensed practice of the law. *Id.*

In his subsequent motion filed on January 13, 2022, which appears to actually be a hybrid reply (responding to Beltrano's arguments in opposition) and motion, Goldstein explains that, on August 18, 2021, "an unsatisfied Writ of Execution was returned and filed . . . . Said Writ of Execution . . . was issued to satisfy the Judgment entered by this Honorable Court." [DE 346 at 2]. He further explains that he has corrected his motion to commence proceedings supplementary by amending it to reflect throughout that he is the Assignee of the Congress entities "in respect to the awarding of an Attorneys' Fees Judgment." *Id.* According to Goldstein, he has met the only two

4

jurisdictional prerequisites for the commencement of proceedings supplementary in that he has provided an unsatisfied judgment, as evidenced by the Writ of Execution, and he has provided an affidavit averring the judgment or writ is valid and unsatisfied along with a list of persons to be impleaded. *Id.* at 3. Goldstein also cites statutory support for the premise that an unsworn declaration is the equivalent of a notarized document. *Id.* Finally, he argues that all of Beltrano's arguments in his response are premature. *Id.* at 4.

In addition to providing the relevant Final Judgment and other documentation, Goldstein has provided an unsworn Affidavit. [DE 344, Ex. E].

## **ANALYSIS**

As an initial matter, the Court finds that Goldstein has apparently complied with the Court's Paperless Order [DE 341]. The Court required that, if Goldstein was truly proceeding in his capacity as an assignee and *pro se* litigant (and not as an attorney on behalf of any other parties in this case), he was required to file an amended motion to reflect this on or before January 5, 2022, supported by an affidavit specifically stating who he is representing in this case with the supporting assignment and other documentation. Goldstein filed an unsworn affidavit stating that he is the "assignee of Congress 1010, LLC and Congress Plaza, LLC" and that he "holds a judgment against the Plaintiff/Counterclaim-Defendant in the prior litigation . . . ." [DE 344, Ex. E]. He also filed an executed Assignment of Judgment dated July 13, 2021 [DE 344, Ex. B]. Finally, he reworded his motion to make it clear that he was filing it *pro se* as assignee, and not in his capacity as a (disbarred) attorney. Thus, the Court rejects Beltrano's argument that the Amended Motion to

5

Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 344] is not in compliance with the Court's Paperless Order.[1]

Next, pursuant to Rule 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located. Florida law states that a person who holds an unsatisfied judgment "may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment . . . and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution." § 56.29(1), Fla. Stat. "A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *1 (S.D. Fla. May 30, 2019). Here, Goldstein has met the jurisdictional requirements established by section 56.29(1), Florida Statutes, by submitting an Affidavit and demonstrating that a writ of execution is valid and unsatisfied.

However, Goldstein also cites section § 56.29(2), Florida Statutes, in his Motion [DE 344 at 6], which section is also applicable here. Section 56.29(2) sets forth several mandatory requirements, including that the moving party "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." The statute also requires the filing of proposed Notices to Appear. § 56.29(2), Fla. Stat. The Notice to Appear

---

[1] This is an initial, preliminary determination by the Court. If, during the course of this litigation, the Court determines that Goldstein is or has been acting as an attorney for any other person or entity after being disbarred, the Court will not hesitate to refer this matter to appropriate Bar and/or law enforcement authorities, and also take all necessary further action in this case.

procedure is designed to provide certain notice and rights to a non-party who a judgment creditor seeks to hale into court in an effort to collect on a judgment.

"Compliance with these prerequisites is necessary for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings." *Amaltheia Cap. LTD. v. Joseph*, No. 19-CV-62746, 2021 WL 7502557, at *2 (S.D. Fla. June 2, 2021) (citing *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995)). "In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party." *Id.* (citing *Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011)). Moreover, there is no requirement that the judgment creditor make a prima facie showing that the parties to be impleaded hold the assets subject to the judgment. *Office Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582, 2011 WL 1674963, at *2 (S.D. Fla. May 3, 2011). Once a third party is impleaded, it must appear and show cause as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012) (citation omitted).

Goldstein has not complied with the statutory requirements. The motions and Affidavit fail to "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment" in compliance with section 56.29(2), Florida Statutes. Furthermore, while Goldstein alludes to proposed Notices to Appear that he attached as Exhibit L to DE 344, the Court does not see any Exhibit L, nor any proposed Notices to Appear attached. Thus, the motions are due to be denied without prejudice.

Finally, the Court notes that, on March 11, 2022, Goldstein filed a "Notice Requesting Status Report in Light of the Motion Requesting the Commencement of Proceedings Supplementary and the Issuance of Notices to Appear and Allowing the Filing of the Complaint to Implead Third Parties to Proceedings." [DE 348]. Goldstein signed the documents as "David M. Goldstein a former Member of the Florida Bar." This raises a further issue of concern to the Court. Goldstein is warned that signing a document in this manner very well may constitute unauthorized practice of law.[2] Furthermore, it is improper for any party to request a status report from the Court regarding the status of a motion or order.

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Goldstein's Amended Motion to Commence Proceedings Supplementary and to Implead Third Parties to Proceedings [DE 344] and Goldstein's Motion Requesting the Commencement of Proceedings Supplementary and the Issuance of Notices to Appear and Allowing the Filing of the Complaint to Implead Third Parties to Proceedings [DE 346] are **DENIED** without prejudice to Goldstein's ability to file a motion to commence proceedings supplementary and to implead third parties to proceedings in full compliance with all applicable statutes.

2. The new motion, if filed, shall (1) include the property descriptions required by Section 56.29(2) of the Florida Statutes for the Court's issuance of Notices to Appear; (2) attach proposed Notices to Appear with updated property descriptions; and (3) fully comply with the Federal Rules of Civil Procedure and the Florida Statutes.

---

[2] Accordingly, a copy of this Order is being sent to The Florida Bar for their review and any action or investigation they may deem appropriate.

3. All parties are reminded of their duty to preserve evidence that may be relevant to this action.

4. A copy of this Order, along with the motions and notice discussed in this Order, shall forthwith be forwarded to The Florida Bar for The Florida Bar's consideration, review, and determination as to whether any review, investigation, or disciplinary action as to disbarred attorney David M. Goldstein is appropriate.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge
